IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES GERMALIC,

    Plaintiff,

vs.                                             Case No. 4:12cv580-RH/CAS

KEN DETZNER,
Florida Secretary of State,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

On November 2, 2012, the pro se Plaintiff filed a motion for leave to proceed in forma pauperis, doc. 4, and a motion for an emergency injunction, doc. 1. Plaintiff's assertion of his entitlement to in forma pauperis status is conclusory and is not a sworn affidavit. Nevertheless, for the purpose of dismissal of this action, the motion for leave to proceed in forma pauperis, doc. 4, should be granted.

Plaintiff did not file a proper complaint asserting the violation of his constitutional rights, alleging the violation of state law, or providing any basis for this Court to assert jurisdiction over this case. Plaintiff, an Ohio resident, has only filed the instant motion for an injunction, doc. 1, requesting that the Court stop the Florida Secretary of State from printing "the ballot for the General Election of Nov. 6, 2012" and to put Plaintiff's

name on the ballot.  Doc. 1.  As the basis for such relief, Plaintiff states that the "requirement for ballot access in Florida goes beyond what is humanly possible, demanding more than 119,000 signatures to get on the ballot."  Doc. 1 at 1.  Plaintiff asserts that "no one can achieve this and still go to other states at approximately the same time to get signatures to be placed on the ballot in other states."  Id.  Plaintiff appears to acknowledge that at this late date, with the election to be held tomorrow, he also faces the problem of early voting.  Doc. 1.  Plaintiff contends that "[t]he Lord brought an end to early voting" by bringing the storm to stop it, "up and down the East Coast."  Id.  According to Plaintiff, early voting is "wrong, wrong, wrong," and such an argument should not be used "as a reason to stop the election."  Id.

Plaintiff has been seeking to be listed as a candidate for the Office of President of the United States for the past four years and previously has filed several similar cases.  See Germalic v. Gant, 2012 WL 5334737, at *2-3  (D.S.D. Oct. 26, 2012) (denying motion for injunction to be listed on general ballot); Germalic v. Bullock 2012 WL 5336214, at *1-2  (D.Del. Oct. 25, 2012) (denying motion for injunction to be listed on the ballot because injunctive relief is no longer available since the ballots had already been printed); Germalic v. Gale, 387 Fed.Appx. 667, 668, 2010 WL 2881424, at *1 (8th Cir. July 23, 2010) (affirming district court's dismissal of complaint for failure to state a claim); Germalic v. Schedler,  2011 WL 3235654 (M.D. La. July 28, 2011) (dismissing complaint filed on October 24, 2008, alleging due process violations in the overly difficult requirements or the Louisiana Election Code which deprived Germalic of his right to be listed as an independent candidate on the Louisiana ballot for the 2008 Presidential Election); Germalic v. Schedler, 2011 WL 3420620 (M.D.La. Aug. 4 ,2011)

(denying motion for relief from judgment); Germalic v. Gale, 2009 WL 2840523 (D. Neb. Sept. 2, 2009) (dismissing complaint filed on October 31, 2008, concerning the November 4, 2008, general election and plaintiff's attempts to get on that ballot as a presidential candidate for the "Black/White party."). None of Plaintiff's cases have been successful. All have been filed at the last moment.

Plaintiff contends in the motion for an emergency injunction that Florida law requires "more than 119,000 signatures to get on the ballot" and is too demanding and not humanly possible. The relevant "inquiry is whether the challenged restriction unfairly or unnecessarily burdens the availability of political opportunity." Anderson v. Celebrezze, 460 U.S. 780, 793, 103 S.Ct. 1564, 1572, 75 L.Ed.2d 547 (1983).

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Preliminary injunctive relief may be granted only if the moving party establishes:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

    (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not

be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Because Plaintiff has not filed a complaint, he cannot be said to have stated a claim at all and, thus, he does have a substantial likelihood of success on the merits. It is unknown whether Plaintiff is affiliated with a minor political party, no party affiliation, or simply wanted to be on the ballot as a write-in candidate. There are no facts which demonstrate any effort at all by Plaintiff to obtain signatures, and no indication that any such effort, if made, was undertaken prior to the deadline.[1] Nevertheless, the law is well settled that there is an "important state interest in requiring some preliminary showing of a significant modicum of support before printing the name of a political organization's candidate on the ballot." Jenness v. Fortson, 403 U.S. 431, 442, 91 S.Ct. 1970, 1976, 29 L.Ed.2d 554 (1971); see also Libertarian Party of Fla. v. State of Fla., 710 F.2d 790, 792–93 (11th Cir. 1983) (upholding Florida's election code which permits placing a minor political party candidate for statewide office on the general election ballot if a petition is signed by three percent of the state's registered voters); Storer v. Brown, 415 U.S. 724, 738, 94 S.Ct. 1274, 39 L.Ed.2d 714, S.Ct. 1274, 1283 (1974) (finding that similar California rule which required signatures of 5% of the total number of voters in the last election was "not excessive," although the Court remanded the case to

---

[1] Florida law provides that "a candidate must obtain the number of signatures of voters in the geographical area represented by the office sought equal to at least 1 percent of the total number of registered voters of that geographical area . . . ." FLA. STAT. § 99.095(2)(a) (2011).

determine whether the percentage was actually 5% or a higher percentage). In light of the fact that 3% and 5% requirements has been upheld, a requirement for 1% will undoubtedly be upheld as not imposing an impermissible burden.

As for the second requirement, Plaintiff has not shown a substantial threat of irreparable injury unless the injunction issues either.  If Plaintiff's motion for an injunction is denied, Plaintiff will not be listed as a candidate for President of the United States on the general election ballot in Florida.  While this may pose some slight injury to Plaintiff, he does not have even a remote chance of winning the Office of President because all prior cases Plaintiff filed have denied him the chance to be on various state ballots.  Therefore, the denial of this motion cannot constitute irreparable injury.

The third and fourth requirements for injunctive relief may be considered together.  The threatened injury to the Plaintiff is significantly less than the harm Plaintiff's proposed injunction would cause the Defendant.  The election is tomorrow, ballots have been printed for a period of weeks, and absentee ballots have already been returned along with the results of Florida's early voting.  Granting Plaintiff's motion for the injunction would be immensely adverse to the public interest requiring all ballots already received to be discarded, requiring the printing of all new ballots, and a stay of a nationwide election while more ballots were printed.  That is asking too much, too late in the day.  Granting Plaintiff's injunction would "risk great chaos and disruption of the voting process" and "would subvert the statutes that the [Florida] Legislature has passed for orderly petitioning to be on a ballot and orderly conduct of elections." Germalic v. Gant, 2012 WL 5334737 at *3.

Plaintiff has not shown any chance of success on the merits and the public interest here in deciding the election for the Office of President of the United States far outweighs Plaintiff's interest. The election should proceed tomorrow on the ballots which were printed and mailed to absentee votes several weeks ago. Plaintiff's motion for injunctive relief must be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for in forma pauperis status, doc. 4, be **GRANTED** for the limited purpose of dismissal, the emergency petition for injunctive relief, doc. 1, be **DENIED,** and this case be summarily **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 5, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**